## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

JOE HAND PROMOTIONS, INC.,

         Plaintiff,

    - against -

KAMIKAZE KITCHEN LLC d/b/a
KAMIKAZE KITCHEN & FOOD
TRUCK, ELIZABETH RICCARDI,
NICHOLAS RICCARDI,

         Defendants.

CASE NO.: 1:23-cv-580

### COMPLAINT

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff"), by and through its attorneys, for its Complaint against Defendants Kamikaze Kitchen LLC d/b/a Kamikaze Kitchen & Food Truck, Elizabeth Riccardi, and Nicholas Riccardi ("Defendants"), hereby alleges as follows:

THE PARTIES

1. Plaintiff Joe Hand Promotions, Inc. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 213 W. Street Road, Feasterville, PA 19053. Plaintiff held the exclusive commercial licensing rights to the broadcasts of *Ultimate Fighting Championship® 251: Kamaru Usman vs. Jorge Masvidal*, including all undercard bouts and commentary, telecast nationwide on July 11, 2020 and *Ultimate Fighting Championship® 254: Khabib Nurmagomedov vs. Justin Gaethje*, including all undercard bouts and commentary, telecast nationwide on October 23, 2020 (the "Programs").

2. Upon information and belief, Defendant Kamikaze Kitchen LLC:

    a. is a New Mexico limited liability company;

  b.  conducts business in the State of New Mexico;

  c.  conducted business as Kamikaze Kitchen & Food Truck on the dates of the Programs;

  d.  operates, maintains and controls the establishment known as Kamikaze Kitchen & Food Truck located at 3517 Wyoming Blvd., Suite D, Albuquerque, NM 87111 (the "Establishment"); and

  e.  operated, maintained and controlled the Establishment on the dates of the Programs.

3.  Upon information and belief, Defendant Elizabeth Riccardi is an individual residing in the State of New Mexico.  On the dates of the Programs, Defendant Elizabeth Riccardi:

  a.  was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

  b.  had a right and ability to supervise the activities of the Establishment; and

  c.  had an obvious and direct financial interest in the activities of the Establishment.

4.  Upon information and belief, Defendant Nicholas Riccardi is an individual residing in the State of New Mexico.  On the dates of the Programs, Defendant Nicholas Riccardi:

  a.  was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

  b.  had a right and ability to supervise the activities of the Establishment; and

  c.  had an obvious and direct financial interest in the activities of the Establishment.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

6.      Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District and/or Defendants reside in this District.

FACTS

7.      Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

8.      Plaintiff is a company that specializes in licensing and distributing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses and similar establishments.  Since 2001, Plaintiff has been the exclusive domestic distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®.  Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

9.      By contract, Plaintiff was granted the exclusive right to license and distribute the Programs to commercial establishments throughout the United States.  The Programs broadcasts originated via satellite uplink, and were subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

10.     Plaintiff entered into subsequent agreements with various commercial establishments in the State of Nebraska that, in exchange for a fee, allowed them to exhibit each of the Programs to their patrons.  In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer and transmit the Programs broadcast to those establishments in the State of Nebraska.

11.     Prior to the broadcasts of the Programs, Defendants could have contracted with Plaintiff and purchased authorization to exhibit each of the Programs in the Establishment for a

fee.  However, Defendants chose not to contract with Plaintiff or pay any fees to Plaintiff to obtain

the proper license or authorization. At no time did Plaintiff give Defendants license, permission or

authority to receive and exhibit either of the Programs in the Establishment.

12.     By unauthorized satellite transmission or, alternatively, by unauthorized receipt

over a cable system, Defendants willfully intercepted or received the interstate communications of

the Programs or assisted in such actions.  Defendants then unlawfully transmitted, divulged and

published said communications, or assisted in unlawfully transmitting, divulging and publishing

said communications to patrons in the Establishment.

13.     Without authorization, license, or permission to do so from Plaintiff, Defendants

exhibited both Programs to the patrons within the Establishment.

14.     Defendants pirated Plaintiff's licensed exhibitions of the Programs and infringed

upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff.

Defendants' actions were committed willfully and with the purpose and intent to secure a

commercial advantage and private financial gain.

15.     At the time of the wrongful conduct described herein, Defendants' agents, servants

and employees were in fact Defendants' agents, servants and employees, and acting within the

scope of their employment and authority as Defendants' agents, servants and employees.

<u>SATELLITE PIRACY/CABLE PIRACY</u>

16.     Plaintiff repeats, re-alleges, and incorporates by reference, each and every

allegation and averment set forth in the above paragraphs of this Complaint with the same force

and effect as if the same were more fully set forth at length herein.

17.    Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violates 47 U.S.C. § 605.  By reason of Defendants' violations of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

18.    Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violates 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

19.    Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

a.    for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for each willful violation of 47 U.S.C. § 605, or alternatively, for statutory damages, in the discretion of this Court of up to the maximum amount of $60,000.00 for each willful violation of 47 U.S.C. § 553;

b.    for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C); and

c.    for such other and further relief to which Plaintiff may be entitled.

Respectfully,

Dated: July 11, 2023                By:  /s/ Ryan R. Janis
                                         Ryan R. Janis, Esq.
                                         Jekielek & Janis
                                         203 E. Pennsylvania Blvd.
                                         Feasterville, PA 19053
                                         T: 215-337-4860
                                         F: 267-386-2167
                                         ryan@jj-lawyers.com

                                         Attorneys for Plaintiff